# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

DARRELL DAVIS,

    Plaintiff,

v.

MDOC; GRIFFUS, Corrections Officer;
PATRICIA CARUSO, Director, MDOC;
ARID PERRIN, Hearing Officer;
M. MAHONEY, Hearing Investigator;
J. SCIOTTI, Warden; S. KING, RUM;

    Defendants.
_____/

CASE NO. 07-CV-14791

DISTRICT JUDGE VICTORIA ROBERTS
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

## II.    REPORT

### A.    Introduction

Plaintiff Darrell Davis is a state prisoner who is currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan. On November 7, 2007, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned magistrate judge for pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). On November 20, 2007, Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint

pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I find that the case is ready for report and recommendation.

**B. Governing Law**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq*., rejecting several of the Sixth Circuit's interpretations of the Act, no part of the Court's ruling altered the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels,

conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___U.S.___, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

### C. Background and Plaintiff's Allegations

According to Plaintiff's complaint and attachments thereto, on March 29, 2006, Plaintiff was charged with the major misconduct of substance abuse by Defendant Corrections Officer Griffus. (*See* MDOC Major Misconduct Report, Compl. at Ex. 1.) Officer Griffus alleged that he observed another inmate by the name of Peterson

> bend over at [Plaintiff Davis's] cell and receive a white packet from under this cell door. Inmate Peterson then walked away. Inmate Peterson then went back to [Plaintiff's cell,] open[ed] the food slot and received a bag of candy from Davis. I then called Peterson off the rock and searched him and received 5 green pills with the numbers 152 on them. These pills were identified as a prescription medication that Davis receives.

(*Id.*)

On April 13, 2006, Defendant Hearing Officer Arvid Perrin presided over Plaintiff's misconduct hearing and found Plaintiff guilty of the offense of substance abuse. (Compl. at Ex. 2.) As a sanction, Plaintiff was given 30 days' loss of privileges. The "reason for finding" was described in pertinent part as follows by Hearing Officer Perrin:

> The hearing officer notes that the pills in question have been identified in the Major Misconduct Report on prisoner Peterson as Drexoral and it is apparently prescribed to prisoner Davis. The video shows Peterson receiving a white package from under Davis's door. It is later found that the package has the Drexoral.

(*Id.*)

3

Plaintiff appealed the guilty finding, arguing that the pills were never proven to be Drexoral. On May 23, 2007, a re-hearing was conducted and the guilty finding was overturned. (Compl. at Ex. 5.) The re-hearing officer agreed with Plaintiff, finding as follows:

> The departmetnt [sic] relied solely on the sergeants [sic] statement to confirm the pills were prescription. It does not indicate how the Sergenat [sic] identified these as prescription medication. The pills are now destroyed. Absent the physical evidence, prisoners [sic] due process rights are infringed upon. For those reasons the charges are dismissed.

(*Id.*)

On November 7, 2007, Plaintiff filed the instant lawsuit. The body of the complaint summarizes the facts set forth above and makes the following allegations:

> C/O Griffus . . . filed a <u>FALSE REPORT</u> against me . . . so this Legal Action is against the <u>STATE MDOC</u> Dir. & et. al's for Wrongfully Discipline me & Violating my 8th Amend. (Cruel & Unusual Punishment). [30 Day L.O.P.]. . . .
>
> On <u>10</u>-<u>23</u>-<u>07</u> I was <u>TERMINATED</u> from my <u>STATE</u> Kitchen JOB because the <u>State</u> MDOC Major Ticket in question was Dismissed. I have done NOTHING Improper and I therefore should <u>NOT</u> have been punished at all.

(Compl. at 5 (formatting in original).) As relief, Plaintiff seeks a state evidentiary hearing, compensatory damages, punitive damages, expungement of the disciplinary infraction, restoration of good time credits, and any other relief deemed appropriate. (*Id.*)

### D. Discussion

After screening the complaint, I suggest that Plaintiff has failed to state a claim upon which relief can be granted. With regard to Defendant Michigan Department of Corrections, the law is clear that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67

(1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *see Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *See Abick v. Mich.*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See e.g . Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987).

Plaintiff has also named as defendants MDOC Director Patricia Caruso and Warden J. Sciotti. I suggest that Plaintiff has failed to state a claim against these defendants because he has not alleged any personal involvement on their part. Liability under section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir. 1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

In addition, supervisory officials can be held liable for the acts of their subordinates only if Plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of Plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). Plaintiff has not alleged that Defendants Caruso and Sciotti had any knowledge of the facts underlying his claims or that they implicitly encouraged, authorized, approved or acquiesced in any way. Therefore, I suggest that Plaintiff has failed to state a claim against Defendants Caruso and Sciotti.

Plaintiff has also named Hearing Investigator M. Mahoney and RUM S. King as defendants but has not mentioned them in the complaint or otherwise made any factual allegations against them. Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint, however, is not enough to sustain recovery under section 1983. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978); *Gilmore v. Corrections Corp. of America*, 92 Fed. App'x 188, 190 (6th Cir. 2004). Therefore, I suggest that the complaint fails to state a claim against Defendants Mahoney and King.

With regard to Plaintiff's claim against Hearing Officer Arvid Perrin[1], I suggest that the complaint fails to state a claim because prison misconduct hearing officers are entitled to absolute immunity. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988).

The only remaining defendant is Corrections Officer Griffus, who wrote the misconduct charge against Plaintiff. In the complaint, Plaintiff asserts that Officer Griffus violated his rights by filing a false report against him. I first note that, as a matter of logic, the dismissal of the guilty finding on the evidentiary basis of the failure to reliably identify the pills as Drexoral does not automatically render the misconduct report "false," especially where the misconduct report merely stated that they were green pills with the numbers 152 on them. Nevertheless, even if the report was false, Plaintiff fails to state a claim. In *Jackson v. Hamlin*, 61 Fed. App'x 131 (6th Cir. 2003), the prisoner-plaintiff alleged that a corrections officer wrongly cited him for violating a prison rule. The Sixth Circuit held that "Jackson's first claim fails to state a claim because a prisoner has no constitutional right to be free from false accusations of misconduct." *Id.* at 132 (citing *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986)). I suggest that the same result obtains here, and that the complaint therefore fails to state a claim against Defendant Griffus.

I also suggest that, to the extent Plaintiff claims that his due process rights were violated because he had already "served his time" of 30 days' loss of privileges by the time the conviction was overturned, he has failed to state a claim. In *Lynch-Bey v. Bolden*, 44 Fed. App'x 696 (6th Cir. 2002), the plaintiff spent months in administrative segregation on a misconduct conviction that was reversed, and yet the Sixth Circuit held that he had no claim because even administrative segregation does not constitute an atypical and significant hardship so as to give rise to a

---

[1] I note that his name is incorrectly spelled "Arid" Perrin in the complaint and on the Court's docket.

constitutional claim. *Id.* at 698 (citing *Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)).

Accordingly, I recommend that Plaintiff's complaint be *sua sponte* dismissed for failure to state a claim because no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.

### III. <u>REVIEW</u>

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                             s/ *Charles E Binder*
                                             CHARLES E. BINDER
Dated: November 27, 2007                      United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served on Darrell Davis by first class mail, and served on District Judge Roberts in the traditional manner.


Date: November 27, 2007                     By      s/Jean L. Broucek
                                                Case Manager to Magistrate Judge Binder